**Atef Halim Habed EBID, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General of the United States, Respondent.**

No. 04–4040–ag.

United States Court of Appeals, Second Circuit.

May 19, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

David A. Barnett, Frenkel, Hershkowitz & Shafran LLP, New York, NY, for Petitioner.

Stanley J. Janice, (Stephen J. Murphy, United States Attorney, Eastern District of Michigan, on the brief), Detroit, MI, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Atef Halim Habed Ebid petitions for review of the June 30, 2004 BIA order affirming without opinion an order of Immigration Judge ("IJ") Douglas B. Schoppert denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, which we will find where an IJ's finding "is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)); *see also* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (*per curiam*).

 The IJ found that Ebid was not credible because he knowingly submitted a forged doctor's letter regarding a critical incident at the heart of his asylum claim—that he was arrested in May 1999 and detained and tortured for five days—and

did not admit that it was fraudulent until confronted with the result of the government's investigation. Citing *In re O–D–*, 21 I. & N. Dec. 1079, 1083, 1998 WL 24904 (BIA 1998), the IJ determined that the forgery indicated a lack of credibility with respect to Ebid's testimony in general and, in particular, with respect to the May 1999 incident.

Ebid claims that the IJ erred in making an adverse credibility determination on the basis of the submission of one fraudulent document that Ebid explained was the result of a friend's advice that he needed corroboration and the fact that he could not obtain one from his doctor in Egypt. We disagree. An asylum applicant's knowing use of a fraudulent document that goes to the heart of his or her asylum claim, without sufficient explanation, can be substantial evidence to support an IJ's decision. *See In re O–D–*, 21 I. & N. Dec. at 1083 (holding that an asylum applicant's submission of false documents without an adequate explanation supported adverse credibility findings); *accord Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157–58 (2d Cir.2006) (holding that, absent a satisfactory explanation, a report indicating that petitioner's birth certificate was forged impeached her "general credibility" and observing that the IJ could have rested the adverse credibility determination on this fact alone); *cf. Lin v. Gonzales*, 445 F.3d 127, 132 (2d Cir.2006) ("An IJ may be justified in some circumstances in concluding that a falsified document that goes to the heart of an applicant's claim for asylum, if submitted as evidence in an asylum proceeding, calls into question the authenticity of other documents submitted in support of that application.").

■ We also reject Ebid's argument that the IJ's credibility determination was not sufficiently specific. In contrast to *Diallo*, 232 F.3d at 287, in which we held

that the BIA erred because it made "no pronouncement on the credibility of Diallo's underlying testimony or of his explanations for the lack of additional corroborating evidence," the IJ here made clear that he found Ebid's testimony not credible because he knowingly relied on a fraudulent document that he did not reveal to be fraudulent until after a government investigation. We thus have no difficulty in reviewing the IJ's determination with respect to Ebid's credibility.

■ Nor do we find error in the IJ's dismissal of Ebid's explanation that he submitted the fraudulent letter because a friend had told him that it was necessary to have corroboration. In contrast to circumstances in which an applicant uses a false document under duress, *see, e.g., Lin*, 445 F.3d at 132, (holding that the use of a fraudulent document to escape persecution does not undermine a petitioner's credibility in asylum proceedings), this explanation does not undermine the IJ's conclusion that Ebid knowingly submitted a fraudulent document in support of his claim. Moreover, the IJ reasonably found that the testimony of Ebid's expert witness psychiatrist, who testified that Ebid suffered from symptoms of post-traumatic stress disorder, was insufficient to rehabilitate Ebid's credibility because the doctor had deficits in his certification and training and had only examined Ebid for approximately three hours in English, which is not Ebid's primary language.

■ Ebid also asserts that the IJ erred in determining that, even if he were to believe Ebid's testimony that he was assaulted by members of an Islamic group in April 1999, "this single isolated incident" would be insufficient to rise to the level of past persecution or create a well-founded

fear of the likelihood of persecution upon petitioner's return. It is unclear why the IJ considered this to be an "isolated incident" because Ebid also testified that members of the Islamic group followed him when he left his house, told his father that a religious opinion—a fatwa—had been issued calling for Ebid's death, and continued to contact his family after he left Egypt to remind them about the opinion issued against Ebid. Despite this error, we conclude that remand is inappropriate because the IJ made this finding as an alternative to his conclusion that Ebid's testimony was not credible. Because the IJ's ultimate credibility finding was supported by substantial evidence, "we can state with confidence that the same decision would be made on remand." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006).

■ Ebid does not challenge the IJ's denial of withholding or CAT relief in his brief to this Court, and therefore we deem these claims abandoned. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.